UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Robert Vranicar as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>Plaintiffs,<br><br>vs.<br><br>John Marzitelli d/b/a Optimum Mechanical Systems and Optimum Mechanical Systems, Inc.,<br><br>Defendants. | Civil File No. _____<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. The Plaintiffs are, Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Robert Vranicar as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2. As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various collective bargaining agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the collective bargaining agreements. The Control Board Trustees are fiduciaries of the employee

1

benefit plans specified in the collective bargaining agreements.

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant Optimum Mechanical Systems, Inc. was a Minnesota business corporation with a registered address of 3030 Centerville Road, Little Canada, Minnesota, 55117.  On March 15, 2019, Defendant Optimum Mechanical Systems, Inc. was administratively dissolved by the Minnesota Secretary of State.  Defendant Optimum Mechanical Systems, Inc. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendant John Marzitelli is shareholder of and the Chief Executive Officer of Optimum Mechanical Systems, Inc. with an address of 5900 Otter Ridge Circle, White Bear Township, Minnesota, 55110.  As a result, of the dissolution of Defendant Optimum Mechanical Systems, Inc., Defendant John Marzitelli lost the personal liability shield afforded by corporations to its shareholders.  Accordingly, Defendant John Marzitelli is personally liable for the debts of Defendant Optimum Mechanical Systems, Inc.  Defendant John Marzitelli is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. This is an action by fiduciaries to collect unpaid fringe benefit contribution

payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

7.  The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

8.  The Control Board re-alleges and incorporates by reference paragraphs 1-7 herein.

9.  In March 2016, Defendants became members of the Sheet Metal, Air Conditioning, & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA").  As members of SMARCA, Defendants are automatically bound to the collective bargaining agreements negotiated between SMARCA and the International Association of Sheet Metal, Air, Rail, and Transportation Workers Local No. 10 ("CBAs").

10.  The CBAs require Defendants to submit contributions to pension, health and welfare, industry, and training funds in the amount per hour specified in the CBAs for each hour worked by its employees covered by the CBAs.

11.  The CBAs provide that all required contributions shall be paid in accordance with the applicable Trust Agreement for each benefit fund and that Defendants agree to conform in all respects with these Trust Agreements as well as any

administrative rules promulgated by the Trustees of the benefit funds.

12. The CBAs require Defendants to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with their monthly payment.

13. The CBAs and the Trust Agreements require Defendants to submit their monthly reports and payment to the Control Board by the tenth day of the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

14. The CBAs further provide that failure to make the required benefit payments in full, when and as due, constitutes a breach of contract on the part of such employer.

15. The CBAs and Trust Agreements require Defendants to make available any and all records of their covered employees that may be required in connection with the sound and efficient operation of the benefit funds.

16. The CBAs and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

17. The CBAs and Trust Agreements states that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by §

6621 if the Internal Revenue Code and that the interest charges will accrue on both the delinquent contributions and the liquidated damages assessments from their due dates.

18. The CBAs and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreements state that the reasonable costs incurred by the Control Board in collecting or attempting to collect delinquent contributions shall also be paid by the delinquent employer.

19. The CBAs prohibit Defendants from subcontracting any work covered by the CBAs unless the subcontracted employer is signatory to the CBAs or a related CBA.

20. 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

21. If Defendants fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all the hours worked by that individual for whom Defendants are unable to produce satisfactory records verifying the type of work being performed by that individual.

## COUNT I
## Breach of Contract /Audit Amount Due Under ERISA and the LMRA

22. The Control Board re-alleges and incorporates by reference paragraphs 1-21 herein.

23. The Control Board requested that Defendants produce a complete set of their payroll and employment records as specified in the CBAs and Trust Agreements for the period of January 1, 2017 through December 31, 2018 ("Audit Period").

24. Defendants produced their payroll and employment records for the Audit Period and the Control Board's authorized agent determined that Defendants I did not submit all the required contributions to the Control Board.

25. The Control Board's authorized agent determined that $117,813.54 is due and owing to the Control Board for delinquent contributions for the Audit Period.

26. Defendants breached the terms of the CBAs and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

27. Defendants are liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked for which Defendants are unable to produce satisfactory records verifying the type of work performed.

28. Pursuant to the CBAs and Trust Agreements, Defendants are liable to the Control Board for the reasonable costs and attorneys' fees incurred in collecting the amount due from Defendants.

29. Defendants are liable to the Control Board for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the CBAs and Trust Agreements.

## COUNT II
## ERISA Damages

30. The Control Board re-alleges and incorporates by reference paragraphs 1-29 herein.

31. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendants as follows:

1. For judgment in the amount of $117,813.54 for delinquent contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date: April 29, 2019         MCGRANN SHEA CARNIVAL
                              STRAUGHN & LAMB, CHARTERED

                              By  s/ Amy L. Court
                                  Carl S. Wosmek #300731
                                  Amy L. Court #319004
                                  Christy E. Lawrie # 388832
                              800 Nicollet Mall, Suite 2600
                              Minneapolis, MN 55402
                              Telephone: (612) 338-2525
                              csw@mcgrannshea.com
                              alc@mcgrannshea.com
                              cel@mcgrannshea.com

                              *Attorney for Plaintiffs*

1136268.DOCX